260 July 1, 2026 No. 633

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VINCENT ANTHONY DEBELLIS,
*Defendant-Appellant.*

Washington County Circuit Court
23CR09313, 23CR43429; A182583 (Control), A182584

Andrew Erwin, Judge.

Submitted July 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

In this criminal proceeding, defendant appeals from a judgment of conviction for first-degree assault, two counts of second-degree assault, two counts of unlawful use of a weapon, felon in possession of a firearm, and unlawful possession of cocaine. During the jury trial, the trial court told the jury that it was not going to reread part of the instructions before it retired to deliberate. In decisions issued after this case was submitted on the briefs, both the Oregon Supreme Court and we have determined that that procedure constitutes reversible error. Accordingly, we reverse and remand.

As an initial matter, we begin with defendant's second assignment of error because, if successful, it could provide greater relief on one charge. In his second assignment of error, defendant advances an argument under the Second Amendment to the United States Constitution, contending that the trial court plainly erred in entering a conviction for felon in possession of a firearm because ORS 166.270 is, in his view, unconstitutional both on its face and as applied to defendant. He acknowledges our decision in *State v. Parras*, 326 Or App 246, 531 P3d 711 (2023), *rev dismissed as improvidently allowed*, 373 Or 284 (2025), but argues that it was wrongly decided. We disagree with that argument.

As we have done in other cases, we reject defendant's Second Amendment challenge. *See, e.g.*, *Parras*, 326 Or App at 257-58 (rejecting as-applied challenge to ORS 166.270 when the defendant's underlying felonies were manufacture and possession of methamphetamine), and *State v. Shelnutt*, 309 Or App 474, 478-79, 483 P3d 53, *rev den*, 368 Or 206 (2021) (rejecting as-applied challenge to ORS 166.270 when the underlying felony was unlawful possession of methamphetamine). We have also rejected recent attempts to revisit *Parras*. *See, e.g.*, *State v. Ivey*, 342 Or App 649, 658, 577 P3d 884, *rev den*, 374 Or 616 (2025) (concluding that *Parras* is both controlling and correct).

Turning to defendant's first assignment of error, defendant asserts that the trial court plainly erred by failing to read a complete set of jury instructions either before

or after closing arguments. We agree. *See, e.g.*, *State v. Shine*, 375 Or 112, 129, 588 P3d 231 (2026) (explaining that ORCP 59 B "requires the trial court to 'charge' the jury at the conclusion of trial by providing an oral statement of 'all matters of law necessary for its information in giving its verdict'"); *State v. Escalante*, 350 Or App 233, 238-39, ___ P3d ___ (2026) (concluding that the trial court plainly erred and exercising discretion to correct the plain error). Consistent with those decisions, which were issued after this case was submitted on the briefs, we agree with defendant's argument that the trial court plainly erred, and we exercise our discretion to correct the error for similar reasons given the gravity of the error, the seriousness of defendant's convictions, and the ends of justice.[1]

Reversed and remanded.

---

[1] As noted in *State v. Rabago*, ___ Or App ___, ___ n 3, ___ P3d ___ (July 1, 2026) (slip op at 6 n 3), which was decided today, this issue has come before us multiple times because it was this particular court's practice to not reread aloud certain jury instructions at the end of trial. *State v. Shine*, 334 Or App 360, 363-64, 557 P3d 181 (2024), *aff'd*, 375 Or 112, 588 P3d 231 (2026); *Escalante*, 350 Or App at 235-36.